UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
 §
WILHELM, EUGENE E § Case No. 05-02324 KSJ
WILHELM, PHYLLIS J §
 §
 §
 Debtor(s) §

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter      of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

    5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7. The Trustee's proposed distribution is attached as **Exhibit D**.

    8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_[2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By: /s/MARIE E. HENKEL_____
                                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 05-02324 | KSJ | Judge: KAREN S. JENNEMANN |
|---|---|---|---|
| Case Name: | WILHELM, EUGENE E | | |
| | WILHELM, PHYLLIS J | | |
| For Period Ending: | 12/12/12 | | |

| Trustee Name: | MARIE E. HENKEL |
|---|---|
| Date Filed (f) or Converted (c): | 03/11/05 (f) |
| 341(a) Meeting Date: | 04/18/05 |
| Claims Bar Date: | 01/05/06 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 337 POLARIS DR, SATL. BCH -HOMESTEAD | 250,000.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 2. CHECKING/SAVINGS ACCOUNT | 1,800.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 3. HOUSEHOLD GOODS | 2,000.00 | 0.00 | | 0.00 | FA |
|     Debtor Claimed Exemption | | | | | |
| 4. CLOTHING - HUSBAND | 75.00 | 75.00 | | 0.00 | FA |
| 5. CLOTHING -WIFE | 200.00 | 200.00 | | 0.00 | FA |
| 6. HUSBAND & WIFE WEDDING BANDS | 100.00 | 100.00 | | 0.00 | FA |
| 7. 1998 CHEVROLET LUMINA | 2,400.00 | 400.00 | | 0.00 | FA |
| 8. TRUST ESTATE OF MARY HORGAN (u) | 0.00 | 0.00 | | 130,231.17 | FA |
| 9. Post-Petition Interest Deposits (u) | 0.00 | N/A | | 7.70 | FA |
| TOTALS (Excluding Unknown Values) | $256,575.00 | $775.00 | | $130,238.87 | Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

---

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtors possess a cause of action against a caregiver, seeking to invalidate a deed which divested
the debtors of title to real estate.  The attorney retained by debtors to recover the property or
value of the property has agreed to continue the litigation on behalf of the estate.  An application
to employ special counsel has been sent to attorney Heuston
10/24/06 Claims review complete
11/03/06 Application to employ special counsel
11/07/06 Order authorizing employment of special employment
Mediation has been ordered by Circuit Court in Brevard County, to be completed by 04/16/07.  If no
settlement is reached, then case will be on trial docket beginning 06/18/07.
Case has been transferred to the probate division; a final hearing is anticipated by the end of 2007
12/03/07 Special counsel has notified trustee that pleadings are being amended to seize additonal
assets - hearing is anticipated prior to Summer, 2008
Trustee has sought update on status from special counsel
10/06/08 Special counsel anticipates a trial in pending action within 8 months
05/09/09 Special counsel anticipates trial by the end of 2009.  The principal defendant is pro se so
the case is taking much longer to bring to issue
09/10/10 Mediation held; settlement negotiated but still not approved by trial court.
09/27/11 Appeal of judgment ordering sale of property pending in State District Court of Appeal.
05/11.12 Motion to approve compromise
06/28/12 Application to employ cpa
07/02/12 Order authorizing employment of cpa
07/19/12 Order approving compromise
07/27/12 Tax return for estate filed
Pending expiration of speedy review period

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | |
|---|---|
| Case No: 05-02324 KSJ Judge: KAREN S. JENNEMANN | Trustee Name: MARIE E. HENKEL |
| Case Name: WILHELM, EUGENE E | Date Filed (f) or Converted (c): 03/11/05 (f) |
| WILHELM, PHYLLIS J | 341(a) Meeting Date: 04/18/05 |
| | Claims Bar Date: 01/05/06 |

11/25/12 Application for compensation of cpa
12/11/12 Application for compensation of special counsel
12/12/12 Final Report submitted

Initial Projected Date of Final Report (TFR): 12/31/06     Current Projected Date of Final Report (TFR): 12/12/12

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 05-02324 -KSJ | Trustee Name: | MARIE E. HENKEL |
|---|---|---|---|
| Case Name: | WILHELM, EUGENE E | Bank Name: | UNION BANK |
| | WILHELM, PHYLLIS J | Account Number / CD #: | *******5373  GENERAL |
| Taxpayer ID No: | *******5524 | | |
| For Period Ending: | 12/12/12 | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/07/12 | | Trsf In From BANK OF AMERICA, N.A. | INITIAL WIRE TRANSFER IN | 9999-000 | 129,929.48 | | 129,929.48 |

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

| Case No: | 05-02324 -KSJ | | Trustee Name: | MARIE E. HENKEL |
|---|---|---|---|---|
| Case Name: | WILHELM, EUGENE E | | Bank Name: | BANK OF AMERICA, N.A. |
| | WILHELM, PHYLLIS J | | Account Number / CD #: | *******4166 NB MONEY MARKET |
| Taxpayer ID No: | *******5524 | | | |
| For Period Ending: | 12/12/12 | | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/30/12 | 8 | FRESE HANSEN ANDERSON ANDERSON HEUSTON & WHITEHEAD PA 2200 Front St., Ste. 301 Melbourne, FL 32901 | SETTLEMENT OF CASE 07/19/12 Order approving compromise | 1249-000 | 130,231.17 | | 130,231.17 |
| 04/30/12 | 9 | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.96 | | 130,232.13 |
| 04/30/12 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 144.11 | 130,088.02 |
| 05/31/12 | 9 | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 1.10 | | 130,089.12 |
| 05/31/12 | | BANK OF AMERICA, N.A. | BANK SERVICE FEE | 2600-000 | | 165.28 | 129,923.84 |
| 06/29/12 | 9 | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 1.06 | | 129,924.90 |
| 07/31/12 | 9 | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 1.11 | | 129,926.01 |
| 08/31/12 | 9 | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 1.10 | | 129,927.11 |
| 09/28/12 | 9 | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 1.06 | | 129,928.17 |
| 10/31/12 | 9 | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 1.10 | | 129,929.27 |
| 11/07/12 | 9 | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.21 | | 129,929.48 |
| 11/07/12 | | Trsf To UNION BANK | FINAL TRANSFER | 9999-000 | | 129,929.48 | 0.00 |

**Total Of All Accounts    129,929.48**

| Page 1 | | VALID CLAIMS<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: December 12, 2012 |

Case Number:  05-02324  
Debtor Name:   WILHELM, EUGENE E

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>3210-00 | ALLAN P WHITEHEAD of FRESE HANSEN ANDERSON ANDERSON HEUSTON & WHITEHEAD, P.A.<br>2200 Front St., Suite 301<br>Melbourne, FL  32909 | Administrative<br>ATTORNEYS' FEES | | $0.00 | $43,406.05 | $43,406.05 |
| 001<br>3220-00 | ALLAN P WHITEHEAD of FRESE HANSEN ANDERSON ANDERSON HEUSTON & WHITEHEAD, P.A.<br>2200 Front St., Suite 301<br>Melbourne, FL  32909 | Administrative<br>ATTORNEY'S COSTS | | $0.00 | $3,905.99 | $3,905.99 |
| 001<br>3410-00 | STEVEN M. VANDERWILT, CPA<br>9940 Hood Rd.<br>Jacksonville, FL 32257 | Administrative<br>CPA FEE | | $0.00 | $2,196.50 | $2,196.50 |
| 001<br>3420-00 | STEVEN M. VANDERWILT, CPA<br>9940 Hood Rd.<br>Jacksonville, FL 32257 | Administrative<br>CPA COSTS | | $0.00 | $22.75 | $22.75 |
| 000001<br>070<br>7100-90 | Insight Financial<br>P O Box 31112<br>Tampa FL 33631-3112 | Unsecured<br>170002-VISA | | $0.00 | $3,664.86 | $3,664.86 |
| | Case Totals: | | | $0.00 | $53,196.15 | $53,196.15 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 05-02324 KSJ
Case Name: WILHELM, EUGENE E
     WILHELM, PHYLLIS J
Trustee Name: MARIE E. HENKEL

Balance on hand     $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: MARIE E. HENKEL | $ | $ | $ |
| Trustee Expenses: MARIE E. HENKEL | $ | $ | $ |
| Attorney for Trustee Fees: ALLAN P WHITEHEAD of | $ | $ | $ |
| Attorney for Trustee Expenses: ALLAN P WHITEHEAD of | $ | $ | $ |
| Accountant for Trustee Fees: STEVEN M. VANDERWILT, CPA | $ | $ | $ |
| Accountant for Trustee Expenses: STEVEN M. VANDERWILT, CPA | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

    In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Insight Financial | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $        . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.